# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PASCHELKE,<br>CDCR #V-37938,<br>BOP #05698-198,<br><br>                        Plaintiff,<br><br>vs.<br><br>JOHN DOE, San Diego County Sheriff;<br>JOHN DOE, Staff Supervisor;<br>SAN DIEGO COUNTY CENTRAL<br>DETENTION FACILITY;<br>WILLIAM KOLENDER,<br><br>                        Defendants. | Civil No.   09-2191 IEG (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING COUNTY OF SAN DIEGO CENTRAL DETENTION FACILITY'S MOTION TO DISMISS OR ALTERNATIVELY QUASH SERVICE; AND**<br><br>**(2) DENYING COUNTY OF SAN DIEGO'S MOTION TO DISMISS OR ALTERNATIVELY QUASH SERVICE OF SUMMONS**<br><br>**[Doc. No. 18]** |

## I.    Procedural Background

Elijah Paschelke ("Plaintiff"), a former state inmate and current federal inmate, has filed a First Amended civil rights complaint pursuant to 42 U.S.C. § 1983. On January 22, 2010, this Court issued an Order directing the United States Marshal Service ("USMS") to effect service of Plaintiff's First Amended Complaint ("FAC") on Defendants. A summons was purportedly returned executed by Defendant "San Diego County Central Detention Facility" on April 6, 2010 [Doc. No. 16]. On April 5, 2010, an Answer to the First Amended Complaint was filed by

Defendant William Kolender [Doc. No. 15].

Defendants County of San Diego specially appear to bring a "Motion to Dismiss First Amended Complaint, or Alternatively Quash Service." [Doc. No. 18]. Plaintiff has not filed an Opposition.

**II.     County of San Diego's Motion to Dismiss or Alternatively Quash Service**

First, the County of San Diego seek to "specially appear" in this action to dismiss the Defendant "San Diego County Central Detention Facility" on the grounds that this Defendant is not a public entity and therefore, not subject to suit. (*See* Defs.' Mot. at 3-4.) The Court agrees but not for the reasons set forth in the moving papers.

Defendants seek dismissal by arguing that this is an entity that cannot be sued under California law. State law is not the issue raised in Plaintiff's First Amendment Complaint. Plaintiff's claims arise under federal law pursuant to 42 U.S.C. § 1983 (*See* FAC at 5.)

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Court agrees that dismissal of the San Diego County Central Detention Facility is appropriate as this Defendant is not a "person" subject to suit under § 1983. While local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989); *Monell v. Dept. of Social Servs.*, 436 U.S. 658 690-91 & n.54 (1978), municipal departments and sub-units, including police departments, are not. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (finding municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) (holding that the naming of a municipal department as a defendant "is not an appropriate means of pleading a § 1983 action against a municipality"); *Brockmeier v. Solano County Sheriff's Dept.*, 2006 WL 3760276, *4 (E.D. Cal. 2006) (finding that sheriff's department is a municipal department and

not a proper defendant for purposes of plaintiff's § 1983 claims).

For these reasons, the Court GRANTS the San Diego County Central Detention Facility's Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6).

However, the Court must deny Defendant County of San Diego's Motion to Dismiss the County of San Diego or alternatively quash the service of summons. Defendants argue, without citation to authority, that in order for service on the County of San Diego to be proper, service "must be made by personal delivery of a summons and complaint to the Clerk of the Board of Supervisors." (*See* Defs.' Mot. at 4.)

In this case, Plaintiff has sued San Diego County Sheriff William Kolender in both his individual and official capacity. (*See* FAC at 2.) On April 5, 2010, Defendant Kolender filed an Answer to Plaintiff's First Amended Complaint [Doc. No. 15]. When a claim is made against a government official in their official capacity, the claim is treated as one against the public entity which in this case is the County of San Diego. *Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166 (citations omitted.)

Here, the attorney arguing for the improper service of the County of San Diego is an attorney with the Office of County Counsel and is the same attorney who filed the Answer on behalf of Defendant Kolender in his official and individual capacity. Thus, it is clear that the County of San Diego has received "notice and an opportunity to respond." *Id.* Defendant County of San Diego's Motion to Dismiss or Alternatively Quash Service is **DENIED**.

### III.    Conclusion and Order

Based on the foregoing, the Court hereby:

1)    **GRANTS** Defendant San Diego County Central Detention Facility's Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 18];

2)    **DENIES** Defendant County of San Diego's Motion to Dismiss or Alternatively Quash Service [Doc. No. 18]; and

///

3) **ORDERS** Defendant County of San Diego to file an Answer to Plaintiff's Amended Complaint within the time provided by FED.R.CIV.P. 12(a)(4)(A).

**DATED: June 30, 2010**

**IRMA E. GONZALEZ, Chief Judge
United States District Court**