1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ELIJAH PASCHELKE,
BOP #05698-298,

                                    Plaintiff,

            vs.

JOHN DOE, et al.,

                                    Defendants.

Civil No.    09cv2191 IEG (CAB)

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FED.R.CIV.P. 60(b)**

**[Doc. No. 28]**

On June 30, 2010, this Court issued an Order granting the County of San Diego Central Detention Facility's Motion to Dismiss. *See* June 30, 2010 Order at 4. Plaintiff has now filed a "Notice of Motion and Motion Pursuant to FED.R.CIV.P. 60(b)(1) and (6) for Relief from Order of June 30, 2010." [Doc. No. 28]. Specifically, Plaintiff objects to the dismissal of Defendant, San Diego County Central Detention Facility.

**I.      Plaintiff's Motion pursuant to FED.R.CIV.P. 60(b)**

        **A.      Standard of Review**

        Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration

1   under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable

2   neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the

3   judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

4        **B.**     **Discussion**

5        Plaintiff contends that the Court erred in dismissing the San Diego County Central

6   Detention Facility as a Defendant. *See* Pl.'s Mot. at 3. In the Court's June 30, 2010 Order, the

7   Court found that "dismissal of the San Diego County Central Detention Facility is appropriate

8   as this Defendant is not a 'person' subject to suit under § 1983." *See* June 30, 2010 Order at 2.

9   Specifically, the Court informed Plaintiff that "[w]hile local governmental units, such as counties

10   or municipalities, are considered 'persons'" within the meaning of § 1983, "municipal

11   departments and sub-units, including police departments, are not." *Id.* (citing *Will v. Michigan*

12   *Dept. of State Police*, 491 U.S. 58, 70 (1989); *Monell v. Dept. of Social Services*, 436 U.S. 658,

13   690-91 & n. 54 (1978); *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005)).

14        In his Motion, Plaintiff argues that the above case law is "no longer applicable" and

15   instead he argues that the Court should consider the unpublished District Court opinion found

16   in *Talada v. City of Martinez*, 2009 WL 382758 (N.D. Feb. 12, 2009). In *Talada*, the Court

17   found that the City of Martinez Police Department could be sued because the "Ninth Circuit has

18   held that police departments in California are public entities pursuant to [California Code]

19   Section 811.2". *Id.* at *2. This may be correct, however, these line of cases do not apply

20   because Plaintiff is attempting to sue a detention facility and not a police or sheriff department.

21   Moreover, even if the Court were to find the detention facility was an extension of the San Diego

22   Sheriff's Department, which is not currently before the Court, it would be a redundant

23   Defendant. It is well settled that an action against a municipal department should be treated as

24   an action against the municipality. In this case, Plaintiff is already suing Sheriff Kolender in his

25   official capacity which is also treated as an action against the County of San Diego. *See* June

26   30, 2010 Order at 3 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). The claims against the

27   County of San Diego are already at issue before this Court.

28

Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's June 30, 2010 Order.

**II.     Conclusion and Order**

In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Relief from Order pursuant to FED.R.CVI.P. 60(b).

**IT IS SO ORDERED.**


**DATED:  July 28, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**